IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STREAMLIGHT, INC.,<br><br>                     Plaintiff,<br><br>v.<br><br>221B RESOURCES LLC,<br><br>                     Defendant. | Civ. Action No. _____<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Streamlight, Inc. (hereinafter "Plaintiff"), files this Complaint for patent infringement against 221B Resources LLC (hereinafter "Defendant"), and, in support thereof, further states and alleges as follows:

## THE PARTIES

1. Plaintiff, Streamlight, Inc., is a corporation incorporated in the State of Pennsylvania, with its principal place of business located at 30 Eagleville Road, Eagleville, PA, 19403.

2. Upon information and belief, Defendant 221B Resources LLC, is a New York company located at 250 W 40th St FL 3, New York, NY 10018-1742.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement under the laws of the United States, Title 35 United States Code §§ 1, *et seq*.

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent-exclusive jurisdiction).

5. This Court has personal jurisdiction over the Defendant because it has an internet sales presence specifically designed to sell to prospective customers including, in particular, customers who are citizens of and/or reside within the State of Delaware.

6. Further, Defendant directly ships, distributes, offers for sale, sells, advertises, and has sold its infringing products in the State of Delaware through its publicly available website, http://www.221btactical.com/.

7. Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the State of Delaware.

8. As specified below, Defendant has committed acts of patent infringement within the State of Delaware.

9. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b), because the Defendant is subject to personal jurisdiction in this judicial district.

**FACTUAL BACKGROUND**

10. On March 13, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,188,978 entitled "Light Mountable on a Mounting Rail" ("the '978 Patent"). A true and correct copy of the '978 Patent is attached hereto as Exhibit A.

11. Plaintiff is the owner by assignment of the '978 Patent.

12. The '978 Patent is directed to a mounting arrangement for a light mountable on a mounting rail with a mounting arrangement including a fixed clamp and movable clamp.

13. Plaintiff offers a product having a mounting arrangement for a light mountable on a mounting rail with a mounting arrangement including a fixed clamp and movable clamp known as the TLR-1 Rail Mounted Tactical Light. Based on information and belief, Plaintiff has complied with 35 U.S.C. § 287(a) with respect to the TLR-1 Rail Mounted Tactical Light product since at least as early as 2007.

14. Defendant engages in brick and mortar commerce conducted at its retail store at 250 W 40th St FL 3, New York, NY 10018-1742 and electronic commerce conducted on

and using at least, but not limited to, its website, http://www.221btactical.com/, in the State of Delaware.

15. Defendant owns, operates, provides access to, and/or directs the operation of the website, http://www.221btactical.com/ in the State of Delaware.

16. Defendant offers for sale a mounting arrangement for a light mountable on a mounting rail with a mounting arrangement including a fixed clamp and movable clamp, referred to as "Exxtremity LED Rail Mount Light" through at least its Facebook page and website, http://www.221btactical.com/ in the State of Delaware. See Exhibits B-6 ("Shop Now" button on Facebook page) and B-7.

## COUNT I: DIRECT INFRINGEMENT OF THE '978 PATENT

17. Plaintiff incorporates by this reference the averments set forth in paragraphs 1 through 16.

18. Defendant has infringed claims 1-59 of the '978 Patent in this District and elsewhere by, at least, making, selling, offering for sale, and/or importing a mounting arrangement for a light mountable on a mounting rail with a mounting arrangement including a fixed clamp and movable clamp under the name "Exxtremity LED Rail Mount Light."

19. Defendant's Exxtremity LED Rail Mount Light product contains a light body with a light source (See Exhibits B-1 and B-2), a mounting arrangement on the light body with both a fixed clamp and a movable clamp opposite it. See Exhibits B-2, B-3, and B-4. The Exxtremity LED Rail Mount Light product's movable clamp can be adjusted away from or toward the fixed clamp member in order to clamp a mounting rail in between. (See, e.g., space differential between Exhibits B-3 and B-4 showing adjustment capabilities).

20. According to Defendant's website, the Exxtremity LED Rail Mount Light can be mounted to a purchaser's weapon. See Exhibit B-7.

21. Further, according to Defendant's YouTube channel in a video titled "221B Tactical Exxtremity LED Rail Mount Tactical Light Demo" located at https://www.youtube.com/watch?v=a3M7-NUxEUI, at minute 0:32 Defendant refers to its Exxtremity LED Rail Mount Light as a product a purchaser would "Compare to Streamlight . . ." See Exhibit B-8.

22. As a direct and proximate result of Defendant's acts of infringing the '978 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to damages adequate to compensate for Defendant's infringement but in no event less than a reasonable royalty.

23. Upon information and belief, Defendant has knowingly, willfully, and deliberately infringed the '978 Patent in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.  Evidence of Defendant's willful infringement includes, but is not limited to,  Defendant referring to its Exxtremity LED Rail Mount Light as a product a purchaser would "Compare to Streamlight . . ." in its YouTube advertising videos, the term "Streamlight" referring to Plaintiff's products covered by the '978 patent. See Exhibit B-8.

24. Defendant will continue to directly infringe the '978 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, selling, offering for sale, and/or importing as mentioned above.

25. Plaintiff will suffer and is suffering irreparable harm from Defendant's infringement of the '978 Patent. Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendant's continuing and future infringement of the '978 Patent.  Unless enjoined, Defendant will continue its infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.	A judgment that Defendant has infringed the '978 Patent directly;

B.	Award Plaintiff its damages to compensate for Defendant's infringement of the '978 Patent pursuant to 35 U.S.C. § 284;

C.	Find that Defendant's infringement has been willful and award Plaintiff three times the damages assessed pursuant to 35 U.S.C. § 284;

D.	Enter an order enjoining the Defendant, its directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates and all persons acting in privity or in concert or participation with any of them from the continued and future infringement, direct or contributory, or active inducement of infringement by others, of the '978 Patent;

E.	That this Court award Plaintiff prejudgment and post-judgment interest on its damages;

F.	That this Court find that Defendant's infringement and actions render this case an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded attorneys' fees;

G.	That this Court award Plaintiff its costs; and

H.	That this Court grant Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands that the issues in this case be tried by a jury.

|  |  |
|---|---|
|  | **BLANK ROME LLP** |
| Dated: January 12, 2017 | */s/ Larry R. Wood, Jr.* <br> Larry (Buzz) R. Wood, Jr. (DE 3262) <br> Adam V. Orlacchio (DE 5520) <br> 1201 Market Street, Suite 800 <br> Wilmington, Delaware 19801 <br> (302) 425-6400 (Telephone) <br> (302) 425-6464 (Facsimile) <br> LWood@blankrome.com <br> Orlacchio@blankrome.com <br><br> **ATTORNEYS FOR PLAINTIFF STREAMLIGHT, INC.** |